J. R. Swan, J.
The statute relating to the annexation of contiguous territory is as follows:
“ Seo. 14 When any municipal corporation shall desire to annex any contiguous territory thereto, not embraced within the limits of any city or incorporated village, it shall be lawful for the trustees or council of the corporation proposing such annexation, to submit the question to the qualified electors of the corporation, by an ordinance passed for that purpose, at least one month before some general election in April or October ; if a majority of the qualified voters of the corporation voting on the question, shall vote in favor of such annexation, the said corporation shall present to the county commissioners of the proper county, a petition, praying for such annexation, which petition shall describe the territory proposed to be annexed to such municipal corporation, and have attached thereto an accurate map or plat thereof; and like proceedings shall be had upon said petition, as are provided in the third, fourth, fifth, sixth and seventh sections of this act, so far as the same may be applicable ; and if, within two months after a transcript shall be delivered as above provided, no notice of a complaint against such annexation shall be given, according to the provisions of this act, then, at the end of said two months, and in case of any such complaint, then, at the end of said two months and after the dismission of said complaint, the said contiguous territory proposed to be annexed, shall be in law deemed and taken to be included in, and shall be a part of, said municipal corporation, and the inhabitants thereof, shall, in all respects, be citizens thereafter of the said municipal corporation.” Swan’s Rev. Stat. 959.
The third, fourth, fifth, sixth and seventh sections of the statute, above mentioned, in substance, require the county commissioners to hear the petition in public; to permit all parties interested to appear and contest the granting of the petition; to examine all affidavits which may be submitted in support of or against the petition; and if, after the hearing, it shall, in their judgment and discretion, seem right and proper that the petition should be granted, it is their duty to make and indorse upon the petition an order to that effect, and deliver such order, with the petition, to the clerk of the town. Within two months from the time said order is delivered to the clerk, any person interested may make complaint to the court of common pleas for the county, or to any judge thereof, in vacation, and it is made the duty of the court or judge to hear such complaint; and if the limits of the proposed annexation will make the corporate territory unreasonably large, *289 to order the record of the commissioners to be annulled. The order of the commissioners has no effect until the two months have elapsed, if, within that time, a complaint is filed, the operation of the order is still further postponed until this complaint is dismissed. If no complaint is made, or, if made, is dismissed, then, after the expiration of the two months, and the dismissal of the complaint, the territory is annexed. If the complaint is sustained, it is the duty of the court, or judge, to annul the order of annexation made by the commissioners. Swan’s Rev. Stat. 956, 957, 958.
The plaintiff claims that his lands cannot be annexed to the town of Perrysburg without his assent, or, at least, without permitting him to vote on the question.
There is no constitutional provision upon this subject. The statute relating to a vote by the citizens of a municipal corporation, upon the question whether contiguous territory shall be annexed to the town, is simply for the purpose of determining whether an application shall be made to the county commissioners to annex the territory; and they, finally, after hearing the parties in interest, decide upon the public policy of making the annexation. No right of property is involved or determined by the vote contemplated by the statute.
The extent and limits of a municipal corporation depend upon a variety of questions, both of a public and local nature; and among them is involved, sometimes, the private interest of citizens residing near towns who enjoy the benefits without paying the expenses of public improvements ; and, on the other hand, the corporate limits of towns are sometimes extended simply to extend unjustly the area of assessments and taxation. The county commissioners are, perhaps, as proper public officers as any other to decide upon the public policy and conflicting interests involved in the determination of the extent and limits of municipal corporations. It is, however, enough to say, that the law has devolved it upon them.
*290 The county commissioners, in the exercise of this authority, are determining a question of public policy, affecting, it is true, incidentally, private interests; but not determining, like courts, the specific private rights of individuals, any more than the annexation of contiguous territory to school districts, townships or counties, is a judicial act, in the sense in which the constitution vests in courts exclusive judicial powers.
The property, if annexed, will be subject to taxation to pay a prior indebtedness of the town of Perrysburg; and it is, therefore, claimed that private property will be thus taken for public purposes without compensation. That injustice may be, and has, sometimes, been done by the annexation of territory to a town, which has contracted an improvident debt, is, no doubt, true; and, sometimes, and perhaps more frequently the owners o± contiguous territory have had the benefit, by reflected value and convenience, of expenditures for which they have not contributed anything. The question is one beyond the reach of practical consideration, in the absence of any statute; and it would require a very artificial and unsound mode of reasoning to hold, that territory could not be annexed to a town which owed debts, until the owners of such territory were paid a compensation in money for a proportional part of such debts, on the ground that the property annexed was condemned for public use.
It is not indeed to be presumed that a municipal corporation has contracted a debt without being correspondingly benefited.

Judgment below affirmed.

Bkoskebhoee, Scott and Sutliee, JJ., concurred.